NOT DESIGNATED FOR PUBLICATION

No. 119,792

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHNNY HOGUE,
*Appellant*.


MEMORANDUM OPINION


Appeal from Brown District Court; JOHN L. WEINGART, judge. Opinion filed June 14, 2019. Affirmed in part and dismissed in part.


Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).


Before MALONE, P.J., LEBEN and POWELL, JJ.



PER CURIAM: Johnny Y. Hogue appeals the district court's decision revoking his probation and ordering him to serve a modified prison sentence. We granted Hogue's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed no response.


On December 12, 2014, Hogue pled no contest to one count of arson and one count of misdemeanor battery. On March 2, 2015, the district court sentenced Hogue to a controlling term of 29 months' imprisonment but granted a dispositional departure to probation for 24 months to be supervised by community corrections.

1

The State later filed a motion to revoke probation, which led to the district court imposing a 10-day jail sanction and extending probation. The State filed a second motion to revoke probation based on Hogue's failure to report and other alleged violations. At a hearing on June 11, 2018, Hogue admitted to violating his probation by failing to report as directed. The district court revoked Hogue's probation and ordered him to serve a modified sentence of 24 months in prison, finding that probation had been granted as the result of a dispositional departure and that Hogue had already served one jail sanction. Hogue timely appealed his probation revocation.

On appeal, Hogue claims the district court "abused its discretion by imposing the prison sentence when additional sanctions remained available." But Hogue acknowledges that under K.S.A. 2018 Supp. 22-3716(c)(9)(B), the district court did not have to consider any intermediate sanctions in his case because his probation was originally granted as the result of a dispositional departure.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Here, the district court granted Hogue probation even though his arson conviction called for presumptive imprisonment. The district court then gave Hogue another chance

at probation with a 10-day jail sanction after his first violation. Even when revoking Hogue's probation, the district court showed leniency by reducing his prison sentence to 24 months. The district court's decision to revoke Hogue's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Hogue has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve a modified prison sentence.

Finally, Hogue claims that the district court "erred in imposing a greater penalty [based on his criminal history score] that was not charged in the complaint and proved to a jury beyond a reasonable doubt." But Hogue did not timely appeal his sentence imposed on March 2, 2015. See K.S.A. 2018 Supp. 22-3608(c); *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (holding that defendant's notice of appeal was timely only as to his probation revocation and not as to his original sentence), *rev. denied* 286 Kan. 1183 (2008). Because Hogue did not timely appeal his sentence, this court lacks jurisdiction to address his sentencing issue. But even if we had jurisdiction to address the issue, we note that our Supreme Court has resolved this issue contrary to Hogue's position in *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002).

Affirmed in part and dismissed in part.